NUMBER 13-06-437-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JAY ELMER STANTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Calhoun County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant, Jay Elmer Stanton, was charged with the offense of delivery of a
controlled substance (four grams or more but less than 200 grams). See Tex. Health &
Safety Code Ann. § 481.112(d) (Vernon 2003). A jury found him guilty. It further found
appellant had previously been convicted of a felony and assessed punishment at 60 years
in the Institutional Division of the Texas Department of Criminal Justice. By one point of
error, appellant contends that the trial court erred by admitting State Exhibits 1, 2, and 3,
over defense counsel's Crawford objection. See Crawford v. Washington, 541 U.S. 36, 68
(2004). We affirm.

I. Sixth Amendment Right to Confront (1)

 At trial, Exhibit 1 (the drug), Exhibit 2 (a copy of the certificate of analysis and chain
of custody affidavit of Amy Arellano, the forensic scientist for the Texas Department of
Public Safety who conducted tests or procedures on the physical evidence at issue in this
case, and a drug analysis laboratory report describing the physical evidence as 7.58 grams
of cocaine), and Exhibit 3 (a photograph of the drug that was later substituted for Exhibit
1) were admitted over counsel's objection that the admission of the exhibits would violate
appellant's Sixth Amendment right to confrontation of witnesses. See id. at 68; Wall v.
State, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006). By a single point of error,
appellant complains that, by not proffering the exhibits through a testifying
government chemist, he was denied the opportunity to confront and cross-examine
the chemist on the veracity of the conclusions within Exhibit 2. (2) He further contends
that harm is apparent because "the State was enabled by the trial court to prove an
essential element of the crime alleged (namely, that the substance delivered was in
fact cocaine) with the safety of shielding its assertions from effective challenge
through cross-examination."

 Before reviewing appellant's confrontation clause contentions, however, we
note that Detective Derrick Walton testified as follows:

 The State: Detective, basically can you explain to the jury how much
the white powdery substance weighed and what it
contained.

 

 Walton: The laboratory shows that the results of the analysis were
7.8 grams of cocaine.

 

 The State: It's actually 7.58.

 

 Walton: I'm sorry, 7.58, that's correct.

 

 The State: And it contained cocaine?

 

 Walton: Yes, it says it contains cocaine.


 Detective Walton testified, without objection, that the substance was 7.58
grams of cocaine. Thus, error, if any, in admitting Exhibits 1, 2, and 3, to prove an
essential element of the crime was rendered harmless by the admission of Walton's
unobjected-to testimony. See Ethington v. State, 819 S.W.2d 854, 860 n.8 (Tex. Crim.
App. 1991) (en banc) (concluding that when counsel objects to certain inadmissible
testimony, but then permits similar evidence to come in without objection, any error
is deemed harmless). Accordingly, we overrule appellant's sole point of error.

II. Conclusion

 We affirm the judgment of the trial court.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 18th day of October, 2007.
1. Appellant also objected to Exhibit 2 on the basis of hearsay and that its admission was in violation
of article 38.42 of the Texas Code of Criminal Procedure. However, appellant does not now complain of the
trial court's rulings on these objections. We, therefore, only address appellant's confrontation claim.
2. Appellant asserts, on appeal, that his contentions apply to Exhibit 2, which appellant describes as
"the most violative of [the confrontation] rule and harmful to appellant," and to a lesser extent to Exhibits 1 and
3.